UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | July 12, 2017 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2015-cv-6 |
| CASE NAME: | Timothy S. Doss v. Alan Potts, *et al.* |
| NATURE OF HEARING: | Hearing on Plaintiff's Motion for Summary Judgment |
| APPEARANCES: | Timothy S. Doss – Plaintiff |
| | Brandon T. Fluguar – Attorney for the defendant |
| COURTROOM DEPUTY: | Kris Wilson |
| TIME: | 8:43 a.m. – 9:17 a.m. |
| HEARING: | |

    The court recounted that as part of its September 30, 2016 order ruling on the plaintiff's motion for summary judgment (dkt. no. 62), it had dismissed defendant Eric Sweetman, leaving only Alan Potts as an active defendant. The court had dismissed Sweetman because he had submitted an affidavit, and a time card, attesting to the fact that he had not been working on the day of the plaintiff's sickle cell episode. The court had concluded that the plaintiff had identified the wrong person, and allowed the plaintiff to file an amended complaint against a John Doe and to use discovery to identify the Doe's real name. The plaintiff did conduct further discovery to try to identify the person who had been present, and had determined that contrary to Sweetman's representations, Sweetman *had* been at work at the time in question. Accordingly, the plaintiff filed this second motion for summary judgment against Sweetman. Dkt. No. 71. Sweetman did not respond to that motion, and on May 9, 2017, the court issued an order construing the plaintiff's motion as a motion for reconsideration of the decision to dismiss Sweetman and ordering Sweetman to respond by a date certain. Sweetman had responded, verifying that he had been at work on the day in question. (Sweetman's responding declaration indicated that although his shift had ended at 6 a.m. that day, the logbook showed that he had worked an additional 4.5 hours. He stated that he'd forgotten to put that time on his timecard, and that he'd relied on the time card for his affidavit in response to the plaintiff's motion for summary judgment.) Dkt. No. 76. Sweetman had indicated that he relied on medical staff and their judgments with regard to medical care and treatment for inmates' medical issues. Id.

    The court expressed concern that Sweetman had submitted an affidavit swearing that he was not at work that day, when the log book and the ICE examiner's report had reflected that he was. Sweetman's counsel explained that the writing in the logbook was hard to read, and so he'd talked with the ICE examiner about it. There were two other sergeants whose names started with "s," and when Sweetman's time card showed that he'd clocked out at 6:00 a.m., counsel and the ICE examiner had concluded that the name in the logbook had to be one of the other sergeants. The court asked why counsel had

1

not timely filed a response to the plaintiff's new motion for summary judgment. Counsel stated that he did not respond initially because he wanted to wait and see what the court wanted. Counsel later recalled in the hearing that he had been on vacation until April 18, 2017, and did not receive the motion until May 5, 2017; the court issued its order requiring a response on May 9.

The court asked the parties to present their arguments regarding whether it should reinstate Sweetman as a defendant and allow the plaintiff to proceed against Sweetman on his deliberate indifference claim. After hearing the parties' arguments, the court granted the plaintiff's motion to reconsider its dismissal of Sweetman as a defendant, reinstated the plaintiff's claim against Sweetman, and ordered that the plaintiff could proceed against Sweetman and Potts.

The court told the parties that it either could set a trial date, or refer the case to a magistrate judge for mediation. The court advised the plaintiff that for either choice, the court was willing to recruit counsel to represent him. The plaintiff confirmed that he would like counsel appointed to represent him, and told the court that he would like to participate in mediation. Counsel for the defendant also expressed interested in mediation, but asked the court to allow him to confirm that his clients were willing to mediate. The court asked counsel for the defendant to consult with his clients, and to file a letter advising the court whether they consented to mediation.

The court told the plaintiff that it would recruit counsel to represent him for purposes of mediation. The court will refer the case to a magistrate judge after the defendants have confirmed their willingness to mediate, and after the court has found counsel for the plaintiff.

For the reasons stated on the record at today's hearing, the court **GRANTS** the plaintiff's motion to reconsider its order dismissing Eric Sweetman as a defendant. Dkt. No. 71. The court **VACATES** that portion of its September 30, 2016 granting summary judgment as to defendant Eric Sweetman. Dkt. No. 62 at 19. The court **ORDERS** that the clerk's office shall **REINSTATE** Eric Sweetman as a defendant.

Dated in Milwaukee, Wisconsin this 12th day of July, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**