UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY S. DOSS,

                Plaintiff,

v.                                           Case No. 15-cv-6-pp

ERIC SWEETMAN, *et al.*,

                Defendants.

**DECISION AND ORDER RESPONDING TO PLAINTIFF'S REQUEST FOR INFORMATION ABOUT THE MEDIATION PROCESS AND DENYING HIS REQUEST TO BE TRANSFERRED TO A DIFFERENT INSTITUTION (DKT. NO. 84)**

At the request of the parties, the court recently entered an order referring this case to Magistrate Judge Patricia Gorence for mediation. Dkt. No. 82. The court since has received a letter from the plaintiff, requesting information about the mediation process and asking the court to order that he be transferred to a different maximum security prison. Dkt. No. 84.

With regard to the mediation process: the plaintiff asked the court to recruit an attorney to represent him during the mediation. On August 2, Judge Gorence signed an order requesting that Attorney Benjamin Reyes represent the plaintiff for the purposes of mediation. Dkt. No. 85. Judge Gorence has sent the plaintiff a representation agreement, which he will need to sign and return to the court. Once he has returned that agreement, Judge Gorence will then work with the parties' attorneys to schedule a date for the mediation.

With regard to the plaintiff's request for a transfer, the court will deny that request. The plaintiff explains that he recently was transferred back to Green Bay Correctional from the Wisconsin Resource Center, and he's afraid he may be retaliated against because he is pursuing this case. The plaintiff is asking the court to override the Department of Corrections' decision to place him at Green Bay, based on his fear that he might be retaliated against. He provides no evidence to support his fear that "retaliation is very likely." Dkt. No. 84.

"[P]rison officials have broad administrative and discretionary authority over the institutions they manage." Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Absent "substantial evidence in the record" that officials are abusing their discretion, "courts should ordinarily defer to their expert judgment . . . ." See Bell v. Wolfish, 441 U.S. 520, 548 (1979). The plaintiff has not provided the court with any evidence to suggest that it should override the Department of Corrections' decision of where to house the plaintiff. The plaintiff's fear is insufficient on its own to justify such a significant intrusion by the court.

Accordingly, the court **DENIES** the plaintiff's letter request that he be transferred to a different institution (Dkt. No. 84).

Dated in Milwaukee, Wisconsin this 3rd day of August, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**